UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EZRA RODRIGUEZ, #979211,

       Plaintiff,                         Hon. Paul L. Maloney

v.                                               Case No. 1:23-cv-335

JOHN DAVIDS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Saad's Motion to Dismiss and for Summary Judgment (ECF No. 12) and MDOC Defendants' Motion for Summary Judgment (ECF No. 17). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant Saad's motion be granted in part and denied in part, MDOC Defendants' motion be granted, and this matter terminated.

## BACKGROUND

Plaintiff initiated this action against: (1) Warden John Davids; (2) Prison Counselors Edward Peterzyk and Unknown Jax; (3) Assistant Deputy Wardens Sabrina Davis and Unknown Traylor; and (4) Doctor Hanna Saad. (ECF No. 1). In his complaint, Plaintiff alleges the following.

-1-

In August 2022, Plaintiff was assigned to the "Start Now Program," a program designed to transition prisoners out of segregation. But the Start Now Program employs "near identical solitary conditions," which caused Plaintiff to experience "emotional distress and trauma." Despite "repeatedly" informing "the Defendants" that "lockdown was making his mental illness/condition worse," Defendants "failed to act." The failure by Defendants to provide Plaintiff with "reasonably necessary mental health care" subjected Plaintiff to "cruel and unusual punishment" in violation of the Eighth Amendment.

Defendant Saad now moves to dismiss Plaintiff's allegations for failure to state a claim on which relief may be granted and for failure to properly exhaust his administrative remedies. (ECF No. 12). Plaintiff has failed to respond to this motion. Defendants Davids, Davis, Jax, Peterzyk, and Traylor also move to dismiss Plaintiff's claims for failure to exhaust administrative remedies. (ECF No. 17). Plaintiff has responded to this motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **LEGAL STANDARD**

I.  Motion to Dismiss

A motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000). Pursuant to Federal

Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

    II.    Summary Judgment

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon*

*Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).  Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Daniels*, 396 F.3d at 735.  Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law."  *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).  Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

III.   Exhaustion

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

## ANALYSIS

I.   Defendant Saad

Defendant Saad first argues that Plaintiff's allegations fail to state a claim on which relief may be granted. While Plaintiff's complaint may not be artfully drafted, Plaintiff clearly alleges that his placement in the Start Now Program was "making his mental illness/condition worse." Plaintiff further alleges that he informed Defendant of this fact and that, in response, Defendant failed to act. Interpreting Plaintiff's pro se complaint indulgently, the Court finds that these allegations state a claim on which relief may be granted. To the extent Plaintiff's complaint lacks specificity, Defendant could

have moved the Court to order Plaintiff to provide a more definite statement of his claims. *See* Fed. R. Civ. P. 12(e). The undersigned recommends, therefore, that Defendant's motion to dismiss for failure to state a claim be denied.

On the question of exhaustion, Defendant Saad has presented evidence that Plaintiff failed to properly exhaust his administrative remedies. Specifically, Defendant has presented evidence that Plaintiff filed three grievances, none of which concern the allegations articulated in Plaintiff's complaint. (ECF No. 12-1, PageID.61-79). Plaintiff did pursue a fourth grievance (ICF-22-04-0443-28b) regarding the matters in his complaint. (*Id.*, PageID.80-84). This grievance, however, was properly rejected for failure to comply with MDOC grievance policy.

Furthermore, this grievance concerns events which occurred prior to the events giving rise to Plaintiff's present claims. In his complaint, Plaintiff alleges that he did not suffer a violation of his constitutional rights until after his assignment to the Start Now Program in August 2022. (ECF No. 1, PageID.3-4). Grievance ICF-22-04-0443-28b was submitted in April 2022, more than three months before the events giving rise to his present claims. Defendant has, therefore, presented evidence that Plaintiff failed to properly exhaust his administrative remedies.

By failing to respond to Defendant's motion, Plaintiff has failed to present evidence that he pursued any other grievances regarding his claims against Defendant Saad or otherwise properly exhausted his administrative remedies regarding such. Accordingly, the undersigned recommends that Defendant Saad's motion to dismiss on

exhaustion grounds be granted and Plaintiff's claims against Defendant Saad be dismissed without prejudice for failure to exhaust administrative remedies.

II. Defendants Davids, Davis, Jax, Peterzyk, and Traylor

In addition to the evidence discussed above, Defendants have presented additional evidence that Plaintiff failed to properly exhaust his administrative remedies. (ECF No. 18-3, PageID.126-29). In response to Defendants' motion, Plaintiff argues that he exhausted his remedies by filing grievance ICF-22-04-0443-28b. (ECF No. 20, 23). As discussed above, however, this grievance was properly rejected for failure to comply with MDOC grievance policy.

Plaintiff's argument that this grievance was improperly rejected is unpersuasive. Plaintiff's grievance was rejected for violating the requirement that grievances not be vague, illegible, or contain extraneous information. (ECF No. 12-1, PageID.84). A review of Plaintiff's grievance reveals that it lacks any specific factual allegations but instead merely asserts the conclusion that he has been subjected to "overly restrictive" conditions. (*Id.*, PageID.83). Thus, rejection of Plaintiff's grievance as vague was not improper. Plaintiff could have re-asserted his allegations in a grievance which complied with MDOC policy but he opted not to do so.

Moreover, as noted above, this grievance does not concern the events giving rise to Plaintiff's present claims. As such, this grievance fails to exhaust any of Plaintiff's claims. Accordingly, the undersigned recommends that Defendants' motion be granted

and Plaintiff's claims against Defendants Davids, Davis, Jax, Peterzyk, and Traylor be dismissed without prejudice for failure to exhaust administrative remedies.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Saad's Motion to Dismiss and for Summary Judgment (ECF No. 12) be granted in part and denied in part. Specifically, the undersigned recommends that Defendant's motion to dismiss for failure to state a claim be denied but Defendant's motion to dismiss for failure to exhaust administrative remedies be granted. The undersigned further recommends that MDOC Defendants' Motion for Summary Judgment (ECF No. 17) be granted. Thus, the undersigned recommends that all Plaintiff's claims be dismissed without prejudice for failure to exhaust administrative remedies and this matter terminated.

For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                              Respectfully submitted,

Date: November 15, 2023                /s/ Phillip J. Green
                                              PHILLIP J. GREEN
                                              United States Magistrate Judge